# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXHART ENVIRONMENTAL SYSTEMS, INC., | CASE NO. CV 12-9471 GW (RZx) |
| Plaintiff, | **[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |
| vs. | |
| BEL AIR LIGHTING, INC., | |
| Defendant, | NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |
| and related counterclaims. | |

1. **PURPOSES AND LIMITATIONS**

    1.1    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulated to and petitioned the court to enter this Protective Order Regarding Confidentiality. The parties acknowledge that neither their stipulation nor this Protective Order confers blanket protections on all disclosures or responses to discovery and that the protections it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledged, as set forth in Section 10, below, that this Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    **Good Cause Statement**: The parties to this case are competitors in the business of selling decorative accessories for residential gardens and lawns, among other things. The parties each have their products made overseas and import them into the United Sates for distribution and sale. Because of the parties' status as competitors, confidential business information such as sales data, customer or potential customer lists, cost-of-goods sold, pricing, manufacturing and product details, specifications, information, and materials that may qualify as trade secrets under California Civil Code § 3426.1, and other, similar information must necessarily be protected from disclosure to opposing parties and/or other competitors in the market, so as to avoid significant competitive harm.

    The parties to this case each sell, or intend to sell, their product to the same retail stores, including Lowe's Home Centers, Inc.

The threshold issues in the pleadings center on whether or not Plaintiff owns valid patent and copyright rights in its Windy Wings® brand decorative accessories, and whether or not any such rights have been infringed by Bel Air.

Resolution of these issues and the associated damages analysis necessarily requires evidence, at a minimum, of sales information, manufacturing information, product specifications, cost information, any marketing information or research, and customer lists, to be disclosed, at minimum, to opposing counsel. This Protective Order Regarding Confidentiality is geared towards allowing resolution of the factual and legal issues without imposing undue competitive harm on the parties.

Federal Rule of Civil Procedure Rule 26(c)(1)(G) permits the grant of a protective order upon a showing of good cause, and provides that the protection of a trade secret or other confidential commercial information is a proper basis for the issuance of a protective order. The party seeking such an order must demonstrate a particular and specific need for the protective order. *Gray v. Rodewald*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

A protective order that focuses on preventing disclosure of particular information, e.g. confidential business information, where disclosure would "likely cause serious harm," is supported by good cause. *Hayden v. Siemens Medical Systems, Inc.*, 106 F.R.D. 551, 556, (S.D.N.Y. 1985). To support a showing of good cause, however, a protective order must be sufficiently tailored in the information it seeks to protect, e.g. by designating certain classes or types of information. *Id*.

A "blanket" protective order, as opposed to a broader "umbrella" protective order, "permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential commercial information. Such protective orders are routinely agreed to by the parties and approved by the courts in

commercial litigation, especially in cases between direct competitors." *Bayer AG and Miles Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465, (S.D.N.Y. 1995).

As direct competitors, the parties' proposed protective order was drafted specifically to protect the disclosure of each party's commercially sensitive sales information and other confidential business information, as set forth above and below. Confidential information under this agreement is specifically defined below. Such information, under the protective order, may be designated CONFIDENTIAL or ATTORNEY EYES ONLY, and is open to challenge by either party, any third party, or the public. Additionally, the parties shall be diligent in only designating necessary information as CONFIDENTIAL or ATTORNEY EYES ONLY.

Accordingly, good cause is shown to protect the parties' confidential business information.

1.3   Thus, the kinds of documents, things, and information entitled to protection under this Protective Order are:

> sales and revenues; marketing and promotional expenses; cost of goods sold; profits; market studies; business plans; business projections; costs for product research, development, and implementation; price lists; price comparisons; market analyses; manufacturing information, including the identity of any product manufacturer; strategic plans; operating plans; marketing plans; financial plans; production plans; sales plans; capital and investment plans; product specifications and design criteria; information related to product research, design, and development; manufacturing and technical know-how; product tests and studies; policies and strategies regarding intellectual property, including obtaining and enforcing intellectual property; literature, catalogues, and brochures not generally

available to the public; communications with tax consultants, attorneys, accountants, financial advisors, and insurance representatives; intracompany communications; settlement agreements having a confidentiality provision; settlement negotiations; organizational structures not generally known to the public, including the identification of divisions, departments, managers, and officers; and employment agreements.

2. DEFINITIONS

2.1 Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: Certain information and documents (regardless of how generated, stored or maintained) or tangible things to be produced by Plaintiff and Defendant during discovery in this litigation may contain trade secrets or other proprietary, confidential research, development, or commercial information that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and should be considered confidential and protected from unreasonable disclosure. "Confidential" shall be a designation reserved for: (a) information that the designating party desires to be protected from dissemination or use for purposes other than this litigation but does not require the "Attorneys' Eyes Only" designation; (b) information that is not readily available to the public; or (c) other information that qualifies for protection under Fed. R. Civ. P. 26(c).

Confidential information shall be limited to the kinds of matters identified in Paragraph 1.3.

2.4 <u>"Attorneys' Eyes Only" Information or Items</u>: Extremely sensitive Confidential Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. "Attorneys' Eyes Only" shall be a designation reserved for competitively sensitive business, research and development, business planning, financial and/or sales information, customer lists, know-how or proprietary data, trade secrets and unpublished patent applications, that, if disclosed to competitors in the field at issue, would reveal technical or business advantages of the designating party.

2.5 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: A Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Attorneys' Eyes Only."

2.9. <u>Outside Counsel</u>: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action. This includes the law firm of Cislo & Thomas LLP on behalf of the plaintiff and the law firms of Adduci, Mastriani & Schaumberg, LLP and Darrow Law Office on behalf of the defendant.

2.10 <u>House Counsel</u>: Attorneys who are employees of a Party, and who represent that Party in an in-house counsel capacity.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations of Protected Material, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

This Order shall not be construed to prevent any person from making use of or disclosing information that: (a) was lawfully in that person's possession and not under obligation of secrecy with respect to such information, prior to receipt of such information from a Producing Party; (b) becomes known lawfully to that person in a manner that does not violate the provisions of this Order; or (c) was or is hereafter lawfully obtained from a source or sources other than the Producing Party or any person under an obligation of secrecy with respect to the Producing Party.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

<u>5.1 Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

<u>5.2 Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before or at the time that the material is disclosed or produced.

Designation in conformity with this Order requires:

7

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party clearly affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). All documents and things produced shall bear an appropriate Bates number to assist all parties to identify the documents or things in this action.

A Party that makes documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must clearly affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b) <u>for information produced by non-parties</u>. Should the parties in this case issue any subpoenas to non-parties, the parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate

8

materials responsive to such a subpoena, and further, the parties may notify any other non-party served with a subpoena in this case of this Protective Order.

Additionally, in the event a Party seeks information via subpoena from a non-party, and another Party to this action (the "Non-Discovering Party") believes that such subpoena may compel disclosure of documents and things of or concerning that Non-Discovering Party that ought to be designated as Protected Material, the Non-Discovering Party promptly shall notify in writing the Party serving such subpoena. In a circumstance where such written notice is received, the Party serving the subpoena shall advise the Non-Discovering Party in writing upon its receipt of documents or things from the subpoenaed third party, and make such documents or things available for inspection by the Non-Discovering Party. The Non-Discovering Party shall then have ten (10) days to inspect and designate such documents for protection in accordance with this Order. Pending such designation, or the expiration of the ten (10) day period allowed herein for such designation (whichever first occurs), the Party receiving documents and things shall treat all of them as "ATTORNEYS' EYES ONLY." The provisions of section 5.2(a) shall otherwise apply to documents produced by non-parties.

(c) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty days after the transcript of the deposition or

1 proceeding becomes available to identify the specific portions of the testimony as to
2 which protection is sought and to specify the level of protection being asserted
3 ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"). Only those portions of
4 the testimony that are appropriately designated for protection within the thirty days
5 shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must clearly affix on each such page the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(d) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If the Producing Party furnishes a substitute copy of the material that is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall also return or destroy (at the election of the Producing Party) all copies of the initially produced material.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must comply with the meet and confer requirements and procedures set forth in Civil Local Rule 37-1 and 37-2. The burden of persuasion in any such challenge proceeding shall be on the Designating Party in a manner consistent with Rule 26(c). Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection designated by the Producing Party.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author of the document or the original source of the information.

7.3 Disclosure of "ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating

1  Party, a Receiving Party may disclose any information or item designated
2  "ATTORNEYS' EYES ONLY" only to:
3      (a) the Receiving Party's Outside Counsel of record in this action, as
4  well as employees of Outside Counsel to whom it is reasonably necessary to
5  disclose the information for this litigation;
6      (b) Experts (as defined in this Order) to whom disclosure is reasonably
7  necessary for this litigation and who have signed the "Agreement to Be Bound by
8  Protective Order" (Exhibit A);
9      (c) the Court and its personnel;
10     (d) court reporters, their staffs, and professional vendors to whom
11 disclosure is reasonably necessary for this litigation and, with respect to
12 professional vendors, who have signed the "Agreement to Be Bound by Protective
13 Order" (Exhibit A); and
14     (f) the author of the document or the original source of the
15 information.

16 8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
17 <u>IN OTHER LITIGATION.</u>
18 If a Receiving Party is served with a subpoena or an order issued in other
19 litigation that would compel disclosure of any information or items designated in
20 this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the
21 Receiving Party must so notify the Designating Party, in writing immediately and
22 in no event more than three court days after receiving the subpoena or order. Such
23 notification must include a copy of the subpoena or court order.
24 The Receiving Party also must immediately inform in writing the Party who
25 caused the subpoena or order to issue in the other litigation that some or all the
26 material covered by the subpoena or order is the subject of this Protective Order. In
27 addition, the Receiving Party must deliver a copy of this Stipulated Protective
28

1 Order promptly to the Party in the other action that caused the subpoena or order to
2 issue.
3   The purpose of imposing these duties is to alert the interested parties to the
4 existence of this Protective Order and to afford the Designating Party in this case an
5 opportunity to try to protect its confidentiality interests in the Court from which the
6 subpoena or order issued. The Designating Party shall bear the burdens and the
7 expenses of seeking protection in that court of its confidential material. Nothing in
8 these provisions should be construed as authorizing or encouraging a Receiving
9 Party in this action to disobey a lawful directive from another court.
10  9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>
11   If a Receiving Party learns that, by inadvertence or otherwise, it disclosed
12 Protected Material to any person or in any circumstance not authorized under this
13 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
14 writing the Designating Party of the unauthorized disclosures, (b) use its best
15 efforts to retrieve all copies of the Protected Material, (c) inform the person or
16 persons to whom unauthorized disclosures were made of all the terms of this Order,
17 and (d) request such person or persons to execute the "Acknowledgment and
18 Agreement to Be Bound" that is attached hereto as Exhibit A.
19  10. <u>FILING PROTECTED MATERIAL</u>.
20   Without written permission from the Designating Party or a court order
21 secured after appropriate notice to all interested persons, a Party may not file in the
22 public record in this action any Protected Material. A Party that seeks to file under
23 seal any Protected Material must comply with Civil Local Rule 79-5.1.
24  11. <u>FINAL DISPOSITION</u>.
25   Unless otherwise ordered or agreed in writing by the Producing Party, within
26 sixty days after the final termination of this action, each Receiving Party must
27 return all Protected Material to the Producing Party or provide a written
28

certification within the sixty day period that the all of the Protected Material has been destroyed. Each Receiving Party, however, is entitled to maintain one archival copy of the Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Designations Not Admissions</u>. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not confidential, subject to discovery, relevant, or admissible in evidence in this litigation.

**IT IS SO ORDERED:**

Date: April 09, 2013  _____
Hon. Ralph Zarefsky
United States Magistrate Judge

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, have read and fully understand the Stipulated Protective Order (the "Protective Order") in the case entitled Exhart Environmental Systems, Inc. vs. Bel Air Lighting, Inc., United States District Court for the Central District of California Case No. CV 12-9471 GW (RZx) (the "Lawsuit"). I agree to comply with and be bound by the Protective Order and by such other orders as the Court may make regarding discovery of Confidential Information, as defined in the Protective Order. I agree that I will not disclose, either directly or indirectly, any Confidential Information, as defined in the Protective Order, or the contents thereof, to any person or in any manner not specifically authorized by the Protective Order. I agree that I will not copy or use any Confidential Information except solely for the purposes of the Lawsuit and I will return any Confidential Information and all copies thereof within sixty days of the termination or the final disposition of the Lawsuit as set forth in the Protective Order. I agree that I will not distribute copies of, or provide access to, any Confidential Information to any person, either directly or indirectly, except as set forth in the Protective Order. I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

Printed name: _____

Signature: _____   Date: _____

City and State where signed: _____